UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

E.V. DRAKE,

       Plaintiff

    v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, et al.,

       Defendants.

CIVIL ACTION NO.
1:20-cv-04659-JPB

## ORDER

Before the Court is Defendant Sam's West, Inc.'s ("Sam's") Special Appearance and Motion to Transfer for Forum Non Conveniens ("Motion"). ECF No. 21. After due consideration of the Motion,[1] the Court finds as follows:

## I.  BACKGROUND

Pro se plaintiff E. V. Drake ("Drake") filed a complaint against numerous parties in connection with two unrelated automobile accidents that occurred in the state of Texas in 2018. The defendants include the City of Dallas and certain of its police officers and staff members, insurance companies, Texas judges, an attorney and his law firm and businesses operating in the vicinity of the alleged accidents.

---

[1] There are more than twenty defendants in this case, and none has opposed Sam's Motion. Indeed, some have similarly requested transfer of the case to Texas.

By "Special Appearance," Sam's seeks transfer of the action to the Northern District of Texas based on the doctrine of forum non conveniens.[2]

## II.   **ANALYSIS**

As an initial matter, the Court need not resolve the pending jurisdiction questions in order to analyze whether transfer of this action is proper under 18 U.S.C. § 1404(a).  *See Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 992 n.16 (11th Cir. 1982) (stating that "[i]n this Circuit, a court lacking personal jurisdiction of the defendant may transfer the case under either [§] 1404(a) or [§] 1406(a)"); *Koehring Co. v. Hyde Const. Co.*, 324 F.2d 295, 298 (5th Cir. 1963) (finding that the court was authorized to transfer the action under § 1404(a) "whether or not [it] had personal jurisdiction over the defendant").

"The question of whether to transfer venue is a two-pronged inquiry." *Merswin v. Williams Cos., Inc.*, No. 1:08-cv-2177, 2009 WL 249340, at *5 (N.D. Ga. Jan. 30, 2009).  First, the transferee forum must be one in which the action could originally have been brought by the plaintiff.  *See Regenicin, Inc. v. Lonza Walkersville, Inc.*, No. 1:13-cv-3596, 2014 WL 11930591, at *2 (N.D. Ga. May 1,

---

[2] Drake asserts that this Court has jurisdiction over Sam's.  Apart from Sam's use of the phrase "Special Appearance" in the title of its Motion, it does not make any argument regarding the jurisdiction issue.  However, as set forth below, the Court need not address the jurisdiction issue for the purpose of resolving Sam's Motion.

2014).  This means that the transferee court must have venue and both subject-matter and personal jurisdiction.  *See id*.  Next, the court balances "three broad interests:  the convenience of the parties, the convenience of the witnesses, and the interests of justice."  *Id*.

**<u>Appropriate Transferee Forum</u>**

Sam's opening brief does not address whether the Northern District of Texas would have jurisdiction over this action.

While Drake does not dispute that the Northern District of Texas would have jurisdiction over the case, he argues that that court would be an inadequate alternate forum because its judges are biased against him.  Specifically, he asserts that he would be "unable to obtain a fair hearing, judgment or trials in the entire state of Texas, with the exception of one judge" and that the district courts in Texas "are all hostile towards [him]."  He also states that the Northern District of Texas "refuses to allow any hearings on any litigation" he files "as retaliation" for a lawsuit he brought against the district.  Drake concludes that a transfer would "condemn[] the . . . suit to a dismissal."

Sam's counters that the Northern District of Texas is an appropriate forum because Drake has not presented evidence of bias or hostility.  In Sam's view, evidence that Drake has been sanctioned in Texas federal courts for filing frivolous

claims and is required to obtain leave of the court in order to initiate a lawsuit[3] does not indicate bias.

Since Drake concedes the issue of jurisdiction in the Northern District of Texas, the only issue for the Court to decide regarding the appropriateness of that forum is Drake's allegation of bias.  To that end, the Eleventh Circuit Court of Appeals places the burden on the defendant to prove the forum's adequacy "where the plaintiff has **substantiated** his allegations of serious corruption."  *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1312 (11th Cir. 2001) (emphasis added). "[W]here the allegations [of bias] are insubstantially supported, . . . a [d]istrict [c]ourt may reject them without considering any evidence from the defendant."  *Id.*

Here, the Court rejects Drake's allegations of bias because he has not provided any evidence to support them.  Moreover, district courts are well within their authority to issue orders necessary to manage their dockets, and this Court does not doubt that the Northern District of Texas exercises its judicial duties with the same impartiality that is expected of any court in our judicial system.

Accordingly, the Court finds that the Northern District of Texas is an adequate alternate forum for this action, and the first prong of the forum non conveniens analysis is satisfied.

---

[3] *See, e.g.*, ECF No. 62-1.

**Balancing of Interests**

In analyzing whether the second prong of the forum non conveniens analysis

is satisfied, courts deem the following factors relevant:

> (1) the convenience of the witnesses; (2) the location of relevant
> documents and the relative ease of access to sources of proof; (3) the
> convenience of the parties; (4) the locus of operative facts; (5) the
> availability of process to compel the attendance of unwilling
> witnesses; (6) the relative means of the parties; (7) a forum's
> familiarity with the governing law; (8) the weight accorded a
> plaintiff's choice of forum; and (9) trial efficiency and the interests of
> justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).  "But

unless the balance is strongly in favor of the defendant, the plaintiff's choice of

forum should rarely be disturbed."  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508,

(1947).  The Court addresses these factors in turn.

> **The Convenience of the Witnesses and Parties; the Availability of
> Process to Compel the Attendance of Unwilling Witnesses; the Location
> of Relevant Documents and the Relative Ease of Access to Sources of
> Proof; the Locus of Operative Facts**

Sam's overall argument is that this action should be transferred to Texas

because it has no connection to Georgia.  It points out that both alleged collisions

occurred in Texas, and key fact witnesses, including the investigating officers,

treating physicians and other third parties, are located in Texas and are outside the

subpoena power of this Court.  The individual defendants also reside in Texas, and

5

evidence such as police reports, medical records and surveillance cameras are all located in Texas.

Drake, on the other hand, argues that Sam's has not carried its burden on the convenience factors because it has neither "set out how many witnesses . . . are involved in this matter" nor provided their testimony to the Court. He further argues that the convenience concerns are not significant because "[w]itnesses can testify remotely . . . in this age of Covid-19."

However,

> [t]he convenience of the witnesses is of great importance to the decision to transfer venue from one forum to another, and the focus of the Court should be on the convenience of "key witnesses." . . . . Given the fact that, when possible, live testimony is preferred over other means of presenting evidence, the convenience of the non-party witnesses weighs most heavily on the [c]ourt in deciding on a motion to transfer venue.

*Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004).

Additionally, when "significant documentary evidence" is located in the transferee forum, and "[t]he trial will be facilitated by having the forum in close proximity to such evidence," courts will find that this fact weighs in favor of transfer. *See, e.g.*, *id*. at 1357 (concluding that transfer was prudent where the jury's inspection of evidence would have been impossible in the transferor forum).

Here, the record supports Sam's contention that key evidence and witnesses related to the alleged collisions are located in Texas and those witnesses would be outside this Court's subpoena power.  The Court is not persuaded by Drake's argument that those witnesses can testify remotely.

For these reasons, the Court finds that the convenience factors weigh strongly in favor of transfer to Texas.

**The Relative Means of the Parties**

Drake asserts that because Sam's is a "billion-dollar company," it would not be burdened by defending itself in Georgia.

Sam's counters that this factor is neither dispositive nor does it override the other applicable factors such as the convenience factors, which weigh strongly in favor of transfer.

Sam's is correct that in a § 1404(a) analysis, no single factor is dispositive, and courts afford differing weight to each individual factor.  *See Microspherix LLC v. Biocompatibles, Inc.*, No. 9:11-CV-80813-KMM, 2012 WL 243764, at *3 (S.D. Fla. Jan. 25, 2012).  Further, as set forth above, courts in this circuit consider the convenience of the parties and witnesses of great importance.  Therefore, this factor, by itself, is not sufficient to tip the overall balance of the factors in Drake's favor.

7

**The Forum's Familiarity with the Governing Law**

Drake does not challenge Sam's contention that Texas law would apply to this action and that the Northern District of Texas would therefore "be at home with the law applicable to this litigation."

Although district courts are eminently capable of applying the law of states other than the one in which they sit, the transferee court in this case will be "at home with the [governing law]," and this factor thus weighs in favor of transfer. *See Atl. Marine Constr. Co., Inc. v. U. S. Dis. Ct.*, 571 U.S. 49, 63 n.6 (2013) (noting that in a § 1404(a) analysis, courts may consider "'the local interest in having localized controversies decided at home [and] the interest in having the trial of a diversity case in a forum that is at home with the law'").

**The Weight Accorded a Plaintiff's Choice of Forum; Trial Efficiency and the Interests of Justice, Based on the Totality of the Circumstances**

Sam's acknowledges that a plaintiff's choice of forum is ordinarily entitled to deference but argues that such deference should not be afforded to Drake because this action has no connection to the state of Georgia.  Sam's also points out that it seeks only transfer of the case (as opposed to dismissal) and notes that the district court for the Southern District of Alabama similarly transferred to the Northern District of Texas an action Drake filed regarding one of the automobile

accidents at issue here.  Sam's therefore concludes that the totality of the circumstances requires transfer to Texas.

Drake, on the other hand, argues that Sam's Motion should be denied because it has failed to show that the inconvenience it would suffer as a result of this action greatly outweighs the burden transfer would place on Drake.

"[I]t is well-established that courts apply a presumption in favor of the plaintiff's choice of forum." *Freeman v. Graco, Inc.*, No. 1:13-cv-662-ODE, 2013 WL 12070089, at *4 (N.D. Ga. Nov. 7, 2013).  "That being said, this factor is not dispositive on its own." *Huntley v. Chicago Bd. of Options Exch.*, 132 F. Supp. 3d 1370, 1375 (N.D. Ga. 2015).  In *Huntley*, the court refused to give the plaintiff's choice of forum controlling weight because it found that "on balance," other factors weighed heavily in favor of transfer.  *Id*.  The court reasoned that it could not "ignore the fact that [the] case [was] primarily about alleged acts and omissions that took place in [the transferee forum]" and would "require testimony from . . . nonparty witnesses, who . . . live in [that forum]."  *Id*.

Here, the Court is mindful of the traditional deference given to a plaintiff's choice of forum, but like the court in *Huntley*, the Court finds that such deference does not outweigh the other applicable factors set forth above, which weigh strongly in favor of transfer.

9

Further, evidence at the center of this dispute is located in Texas, and Texas has an interest in resolving a dispute involving its citizens, its laws and incidents that occurred on its soil.

Finally, in evaluating the totality of the circumstances, the Court notes that while not dispositive (and the conclusion would not otherwise change), the facts tend to support the contention that Drake filed his Complaint in this Court to avoid prior orders of Texas courts.

Based on the foregoing analysis, the Court **GRANTS** Sam's Motion (ECF No. 21).  The Clerk is **DIRECTED** to transfer the case to the Northern District of Texas.

**SO ORDERED** this 27th day of July, 2021.

J. P. BOULEE
United States District Judge